## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|                                   |                         |
|-----------------------------------|-------------------------|
| JAMES WILSON,                     |                         |
|     PLAINTIFF,                    |                         |
|                                   |                         |
| v.                                | Case No. 3:15-cv-58     |
|                                   |                         |
| UPG, LLC,                         |                         |
| and LEXON INSURANCE COMPANY,      |                         |
|     DEFENDANTS                    |                         |

## **COMPLAINT AND JURY DEMAND**

### **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of Defendant UPG's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq. (hereinafter referred to as "TFC").

### **VENUE**

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Defendant UPG transacts business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

### **PARTIES**

6. Plaintiff, James Wilson ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

1

7. Defendant UPG, LLC ("UPG") is a New York LLC.

8. Defendant UPG has a collection bond on file with the Texas Secretary of State (bond number 1085738) and lists its principal place of business as 255 Great Arrow Ave., Buffalo, NY 14207.

9. Defendant UPG can be served in Texas via its registered agent, Corporate Creation Network Inc., at 4265 San Felipe, Suite 1100, Houston, TX 77027.

10. Defendant UPG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

11. The principal purpose of Defendant UPG is the acquisition of defaulted consumer accounts (whether by ownership acquisition or third-party rights to collect) and the collection of those accounts using the mails and telephone and other means.

12. Defendant UPG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are/were primarily for personal, family or household purposes.

13. Defendant Lexon Insurance Company ("Defendant Lexon") is the surety company for the bond Defendant UPG has on file with the Texas Secretary of State, bond number 1085738.

14. Defendant Lexon is a foreign entity that can be served in the state of Texas via its registered agent, Jay A Thompson, at 701 Brazos St, Ste 1500, Austin, TX 78701.

15. Defendant Lexon is liable for acts committed by Defendant UPG pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

## FACTUAL ALLEGATIONS

16. At some time in the past, Plaintiff allegedly incurred one or more financial obligations that were primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "accounts"). Specifically, the underlying accounts were payday loans obtained by Plaintiff.

17. The accounts constitute "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5) and are "consumer debt[s]" as that term is defined by Tex. Fin. Code § 392.001(2).

18. The accounts allegedly went into default with the original creditor.

19. After the accounts allegedly went into default, the accounts were placed with or otherwise transferred to Defendant UPG for collection.

20. Plaintiff disputes the accounts.

21. Plaintiff requests that Defendant UPG cease all further communications regarding the accounts.

22. Defendant UPG's collector(s) were employee(s) of Defendant UPG at all times mentioned herein.

23. Defendant UPG acted at all times mentioned herein through its employee(s).

24. Defendant often used the alias name of "UCG" in its collection efforts.

25. During the one year prior to the filing of this complaint, Defendant UPG left multiple voicemails on Plaintiff's telephone voicemail system.

26. On one such occasion, within the one year prior to Plaintiff filing this complaint, Defendant UPG left a voicemail on the voicemail system belonging to a friend of Plaintiff's which stated:

> Yes, this information is intended for Mr. James Wilson. Claim number 1895227. This is Rick Masterson, sir. I'm contacting you regarding the order that was submitted to my office this morning. Mr. Wilson, there's allegations and a claim being brought against you sir, and at this point, you do have the one opportunity to contact the firm that is handling the claim so that you can discuss this matter with them prior to my arrival. The firm can be reached there at 800-426-0643. Your claim number there is 1895227. Mr. James Wilson, you have officially been notified, sir.

27. On another such occasion, within the one year prior to Plaintiff filing this complaint, Defendant UPG left the following message on Plaintiff's telephone voicemail system:

> Yes, Mr. James Wilson, this is Rick Masterson, sir, calling again to inform you that you've had the opportunity to contact the firm that is handling your allegations. Sir, at this point, I did verify your home address to present you with your documentation regarding the claims against you. You're going have until I reach your home there to address this matter with the firm. They can be reached there at 855-520-1920. The case number is 1895227. Mr. James Wilson this is your final notification before I see you personally, sir.

28. On another such occasion, within the one year prior to Plaintiff filing this complaint, Defendant UPG (using an alias name of UCG) left the following voicemail on plaintiff's telephone voicemail system:

> Hi Mr. James Wilson, my name is Janelle Bradley, I'm calling from UCG regarding reassignment of claim number 1911748. We have retained a locating service in an attempt to verify your address to present you with your formal claim. At this time the investigation has been reported as incomplete, so we are now proceeding forward. You have until the end of business day to contact me for details of your allegations. I can be reached at 855-576-8629. And again your claim number 1911748.

29. Although "Janelle Bradley" used the company name "UCG" in the message transcribed in paragraph 28, "Janelle Bradley" can be reached by calling a phone number for Defendant UPG.

30. In a call back to Defendant UPG in February 2014, Defendant UPG's agent told Plaintiff that Defendant UPG was "UCG, a litigation firm." Plaintiff provided Defendant's agent with the account number 1895227 left in the voicemails described in paragraphs 26 and 27 above. Defendant UPG's agent looked up the account number and confirmed that Defendant UPG had an account belonging to Plaintiff.

31. Defendant UPG's agent in the call described in paragraph 30 above informed Plaintiff that account number 1895227 belonged to a payday loan account Plaintiff obtained in August 2012. She further told Plaintiff that Plaintiff was being "pursued for breach, fraud, and inducement of the contract." Defendant UPG further informed Plaintiff that after 6 p.m. on the night this call was taking place she would be sending the account out for processing and Plaintiff would receive his "documents" and those documents would inform Plaintiff of when and where is should appear.

32. In the same call described in paragraphs 30 and 31 above, another agent for Defendant UPG came on the phone and told Plaintiff that there was nothing the agent could do to send out a "stop order" to stop "the case" from "proceeding forward." Plaintiff was further advised that the best thing might be for Plaintiff to "get a retainer for" himself.

33. In a second call on the same day as the call described in paragraphs 30-32 above, Plaintiff called again and gave account number 1895227 and the agent for Defendant UPG confirmed that she was reviewing an account belonging to Plaintiff. Plaintiff was again transferred to the agent described in paragraph 32 above. This agent once again threatened to "pursue" defendant involuntarily. This agent also told Plaintiff that Defendant was a "litigation firm" located in western New York.

34. In another call back to Defendant in June 2014, Plaintiff spoke with a representative that informed Plaintiff that "UPG is for payments, UCG is the call center." Near the end of this second conversation, Plaintiff was told to call back to phone number 800-571-1284.

35. Phone number 800-571-1284 is a phone number used by Defendant UPG.

36. Defendant UPG's purpose for the communications with Plaintiff described in paragraphs 25-34 above was to attempt to collect the accounts.

37. In the same calls discussed in paragraphs 24-34 above and in other calls with Plaintiff, Defendant UPG failed to inform Plaintiff that Defendant UPG was a debt collector.

38. The telephone calls constituted a "communication" as defined by FDCPA § 1692a(2).

39. The only reason that Defendant UPG and/or representative(s), employee(s) and/or agent(s) of Defendant UPG made telephone call(s) to Plaintiff was to attempt to collect the Account.

40. The only reason that Defendant UPG and/or representative(s), employee(s) and/or agent(s) of Defendant UPG had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

41. During one or more communications with Plaintiff in the year prior to Defendant UPG did not provide the language required by 15 U.S.C § 1692e(11) and Tex. Fin. Code § 392.304(5)(B).

42. The statements and actions of Defendant UPG and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with

debt collection and violate 15 U.S.C. § 1692c(b) and §1692e(2)&(3)&(5)&(7)& (10)&(11) and Tex. Fin. Code §392.301(2)&(6)&(8) and § 392.304(4)&(5)(A)& 5(B)&(8)&(14)&(19).

43. All of the conduct by Defendant UPG and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

44. As a consequence of Defendant UPG's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

45. The representative(s) and/or collector(s) at Defendant UPG were employee(s) and/or agents of Defendant UPG at all times mentioned herein.

46. The representative(s) and/or collector(s) at Defendant UPG were acting within the course of their employment at all times mentioned herein.

47. The representative(s) and/or collector(s) at Defendant UPG were under the direct supervision and control of Defendant UPG at all times mentioned herein.

48. The actions of the representative(s) and/or collector(s) at Defendant UPG are imputed to their employer, Defendant UPG.

49. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY UPG LLC

50. The previous paragraphs are incorporated into this Count as if set forth in full.

51. The act(s) and omission(s) of Defendant UPG and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and §1692e(2)&(3)&(5)&(7)&(10)&(11).

52. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant UPG.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY ACCOUNT DISCOVERY SYSTEMS, LLC

53. The previous paragraphs are incorporated into this Count as if set forth in full.

54. The act(s) and omission(s) of Defendant UPG and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.301(2)&(6)&(8) and § 392.304(4)&(5)(A)&5(B)&(8)&(14)&(19).

55. Pursuant to Texas Fin. Code § 392.403, Plaintiff seeks an injunction permanently enjoining Defendant UPG from future violations of the Texas Finance Code as described above.

56. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant UPG.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY ACCOUNT DISCOVERY SYSTEMS, LLC

57. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   Defendant intentionally intruded on Plaintiff's

solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

58. Plaintiff suffered actual damages from Defendant UPG as a result of Defendant UPG's intrusion.

## COUNT IV:  LIABILITY OF LEXON INSURANCE COMPANY

59. The previous paragraphs are incorporated into this Count as if set forth in full.

60. The act(s) and omission(s) of Defendant UPG and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.304(5)(A)&5(B)&(14)&(19) are imputed to Defendant Lexon pursuant to Tex. Fin. Code § 392.102.

61. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant Lexon.

## JURY TRIAL DEMAND

62. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

63. Judgment in favor of Plaintiff and against Defendants.

64. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

65. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

66. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

67. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

68. An injunction permanently enjoining Defendant UPG from future violations of the Texas Finance Code as described above.

69. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*